# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DEXTER ALPHONSO KESS, #20130918 | * | |
| Plaintiff/Petitioner | * | |
| v | * | Civil Action No. DKC-13-3363 |
| STATE COMMISSIONER, # 2116, et al., | * | |
| Defendants/Respondents | * | |

## MEMORANDUM OPINION

Before the Court for preliminary screening is Dexter Kess' hybrid claim against "State Commissioner # 2116." ECF No. 1. Kess alleges that on September 21, 2013, he was arrested and brought before a Commissioner who declined to provide Kess the services of a state public defender "until [the] next hearing." Kess also claims his requests for a preliminary hearing were denied. ECF No. 1 at p. 3.[1] As redress, he asks for unspecified "declaratory, injunctive" relief and "nominal damages." *Id.*

Kess' motion for leave to proceed in forma pauperis, ECF No. 2, shall be granted. Title 28 U.S.C. §§ 1915 and 1915A permits an indigent litigant to commence an action in federal court without prepaying the filing fee. To protect against possible abuses of this privilege, the statute requires a court to dismiss any case that "fails to state a claim on which relief may be granted." 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

---

[1] Information accessed on the Maryland Judiciary case search website indicates Kess was charged on June 16, 2013, in the District Court for Wicomico County, in Case No. 0H00068859 with threatening to commit arson. He was represented by the state public defender and pleaded guilty on August 20, 2013, and was sentenced to ten years incarceration, with nine years, nine months and twenty-five days of the sentence suspended. *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=0H00068859&loc=8&detailLoc=DSCR On September 21, 2013, a warrant was lodged in the District Court for Wicomico County alleging that Kess threatened another victim with arson, in Case No. 5H00070341. He is represented by the public defender and has a December 2, 2013 trial date.
*See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=5H00070341&loc=8&detailLoc=DSCR.

This court is mindful of its obligation to liberally construe the pleadings of pro se litigants such as Kess. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, a plaintiff's allegations are assumed to be true. *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

To the extent Kess asks for federal intervention in his ongoing criminal proceedings, his claim fails. Absent extraordinary circumstances not alleged here, federal courts may not interfere with pending state criminal proceedings, *see Younger v. Harris*, 401 U.S. 37, 44 (1971), and federal district courts should abstain from constitutional challenges to state judicial proceedings if the federal claims could be presented in the ongoing state judicial proceeding. *See Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52–53 (4th Cir. 1989).

The United States Court of Appeals for the Fourth Circuit has recognized that *Younger* abstention is appropriate "in those cases in which (1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interest, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." *Employers Resource Management Co., Inc. v. Shannon*, 65 F.3d 1126, 1134 (4th Cir. 1995). Conversely, *Younger* abstention is not applied where "(1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." *Nivens v. Gilchrist*, 44 F.3d 237, 241 (4th Cir. 2006) (internal quotations omitted).

To prevail under the bad faith exception, a litigant must show "a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." *Suggs v. Brannon*, 804 F.2d 274, 278 (4th Cir. 1986). "[I]t is the plaintiff's 'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Phelps v. Hamilton*, 122 F.3d 885, 890 (10th Cir. 1997).

To the extent that Kess claims his state criminal proceedings violate his constitutional rights, "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." *Bonner v. Circuit Ct. of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975).[2]

The undersigned finds that the *Younger* abstention doctrine applies in this case. First, criminal proceedings are ongoing. Second, a pending state criminal proceeding clearly implicates an important state interest. Third, Plaintiff, who is represented by counsel in the state criminal action, has the opportunity to present his claims to the state court. Lastly, the allegation that Kess was not provided counsel during his initial appearance before a court commissioner is insufficient to demonstrate bad faith.

For these reasons, this case will be dismissed without prejudice and this case closed by separate Order to follow.

<table>
<tr><td>__November 20, 2013__<br>Date</td><td>_____/s/_____<br>DEBORAH K. CHASANOW<br>United States District Judge</td></tr>
</table>

---

[2] Kess may pursue redress in the state courts of Maryland as appropriate. This court expresses no opinion in regard to the merits of his claims.